IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 NOV 13 A 10 08

CIVIL ACTION NUMBER: 2:06CV1019-MHT

ROYCE PRIVETT,
PLANITIFF,

VS

STATE OF ALABAMA,
DEFENDANTS.

## COMPLAINT

Comes now the Plaintiff Royce Privett, Pro-Se, in the above styled cause, and pursuant to 28 U.S.C. Section 2281, and 28 U.S.C. Section 2201, and the federal Rules of Civil Procedure Rule 65, and 57, and the Plaintiff seeks (1) a Declaration that Code of Alabama, 1975, Section 15-3-5 (b), (2) is an unconstitutional act of the Alabama Legislature that violates Article I, Section 10, CL.1, of the federal constitution, and, (2), a permanent injunction directing the Defendants to refrain from enforcement of the unconstitutional statute.

## PARTIES

Plaintiff Royce Privett, is an Alabama State Prisoner currently serving a Life sentence, and currently housed at South Louisiana Correctional Center, 3843 Stagg Ave. Basile, Louisianan. 70515, and is subject to the control of the Alabama Department of Corrections.

The Defendant Troy King, et, Al. is Attorney General of the State of Alabama, whose duties include but are not limited to the enforcement of the statutes passed by the Alabama Legislature.

## JURISDICTION

This Court has Jurisdiction to entertain this Petition for injunctive and declaratory relief under the direct authority of 28 U.S.C. Section 2281, and 28 U.S.C. Section 2201, Rule 65 and 57 of the federal Rules of Civil procedure, and Section 255.5 and Section 266 of the Judicial Code 36 statute 1162, requires a three (3) Judge panel to convene in this matter, and under 28 U.S.C. Section 1331 (a), and 28 U.S.C. Section 1343 (4).

## VENUE

Venue in this Court is proper because the headquarter of the Defendants are located in Montgomery as the Lawmakers of Alabama and the office of the Attorney General of the State of Alabama, located at 11 South Union Street Montgomery, Alabama 36130.

# **COMPLAINT**

Code of Alabama, 1975, Section 15-3-5 (b), (2), was enacted on January 7, 1985, and eliminated the statute of limitations for any sex offense involving a victim under the age of 16 occurring on or after January 7, 1985.

Prior to January 7, 1985, these offenses carried a (3) three year statute of limitations under Code of Alabama 1975, Section 15-3-1.

The United States Supreme Court in Miller v. Florida, 482 U.S. 423 (1987) stated, "In order for a law to fall within the Ex Post Facto prohibition, two critical elements must be met, (1) it must be retrospective, that is a must apply to events occurring before it's enactment, and (2) it must disadvantage the affected offender.

Code of Alabama 1975 Section 15-3-5 (b), (2), meets the first critical element of the test set out above on the face of the statute.

In Beazell v Ohio, 269 U.S. 167 (1925) the Court explained, "any law that deprives a Defendant of a defense that was available violates Ex Post Facto".

Code of Alabama, 1975, Section 15-3-5 (b), (2) meets the second critical element of the Ex Post Facto test set out above because it disadvantages the affected offender in the most odious manner possible by eliminating a defense that was available at the time of the commission of the offense, because under Alabama Law the statute of limitation is a complete defense that involves a substantive right and is not merely a procedural matter. See Kirby v. State, 500 So.2d (Ala. Cr. App. 1986). Code of Alabama 1975 Section 15-3-5 (b), (2) is the exact application of law the Courts stated would be an Ex Post Facto violation explained in the case of Stoner v. Graddick, 751 F.2d 1535 (N.D. Ala. 1986)

"In 1958, when the bombing in this case took place, the crime of bombing

dangerously near a dwelling was a Capital offense and carried an unlimited statute of limitations. Non-Capital offense carried a three (3) year statute of limitations. In 1977, when Stoner was indicted the crime of bombing dangerously near a dwelling was no longer a Capital offense and carried a three (3) year statute of limitations.

Stoner argued in the State Court that the statute of limitations in place at the time of his indictment should apply. The State Courts found that as a matter of law that the statute of limitations in effect at the time of the crime governs. Stoner argued that this Rule of State law violates equal protection because a person committing the same crime today would have the benefit of the (3) three year statute of limitations. We will assume arguendo that Stoner States a federal claim. The Alabama Court of Criminal Appeals explained that the reason for the statute of limitation Rule that the statute of limitations in effect at the time of the crime governs is to prevent the Legislature from enlarging the statute of limitations until a particular criminal is tried and convicted, an application that would be Ex Post Facto.

The Alabama Legislature covertly attempted to evade Ex Post Facto by wording the statute to make it apply to these offenses occurring between January 8, 1982, and January 7, 1985, (the date of enactment) if the preexisting limitation period has not ran by January 7, 1985. See Marks v. State, 581 So.2d 1182 (Ala. Cr. App. 1990).

The Plaintiff contends that wording of the statute can not evade the Ex Post application that was discussed in Stoner because, when Stoner committed his offense it was covered by a statute of limitations that allowed for the prosecution of that offense at 'anytime' which means that the pre-existing statute of limitations in Stoner had not ran by the date of the Amended statute of limitations in Stoner became law, yet, even through it

had not ran in Stoner, the Courts refused to apply the amended statute to stoners offense stating that to do so would violate Ex Post Facto, but in the Plaintiff's case. The amended statute of limitations was applied under the reasoning that it was applicable because the pre-existing statute of limitations in the plaintiff's case had not ran by the date of the amended statute.

The Plaintiff contends that contrary applications of law is a violation of the statutory construction rule 'expressio unis est exclusio alterius'.

It simply can't be both ways especially when the essential facts of the two cases are identical for the purpose of deciding if the amended should or should not apply. The Plaintiff contends that such contrary applications of State Law are a violation of the equal protection clause of the 14th. Amendment of the federal constitution, when is further aggravated by the fact that the Alabama Legislature on January 7, 1985, also Amended the statute of limitations for prosecution of Civil Lawsuits based upon the same alleged sexual acts found in Code of Alabama 1975, Section 15-3-5 (b), (1) because the civil suits based on these allegations 'cannot' be prosecuted unless the suit is brought within two (2) years of the act. See, Travis v. Ziter, 681 So.2d 1348 (Ala. 1996). The Plaintiff contends that that the Federal Constitution grants greater protection from unfair retroactivity to 'Life and Liberty' than to property. See, Stogner v. California, 156 L.Ed 2d 544 [2003].

The Plaintiff contends that the contrary application of the law between the case of Stoner and the Plaintiff is a classic example of the government refusing to play by it's own rules. See, Carmell V. Texas, 529 U.S. 513, 533, (2000).

## CONCLUSION

THE Plaintiff contends that Code of Alabama, 1975, Section 15-3-5 (b), (2)

applied to offenses that occurred prior to January 7, 1985, without providing the minimal due process of a grace period, is a direct violation of the Federal Constitutions prohibition of Ex Post Facto found in Article I Section 10, CL 1, and the contrary applications between the Plaintiff and Stoner are a direct violation of the equal protection clause of the 14th. Amendment, and the Constitutional Analysis of the question presented in this case is the same as if it were analyzing the elimination of a remedy for a Plaintiff. See, Texaco v. Short, 450 U.S.

## PRAYER FOR RELIEF

Wherefore, premises considered, Petitioner prays this Court:

1. Issue a declaration that Code of Alabama 1975, Section 15-3-5 (b), (2) violates Article I, Section 10, CL. 1, of the Federal Constitutions prohibition of Ex Post Facto;
2. Issue a permanent injunction enjoining the defendants from enforcement of the statute;
3. Assume Jurisdiction over this complaint and convene a three (3) Judge Panel to hear the case;
4. Set a date for a hearing in this cause and Oral Argument;
5. Award such costs as are equitable and just;
6. Any other relief as necessary in this cause.

Respectfully submitted on this _9_ day of _November_, 200_6_.

_[signature]_

Royce Privett / Plaintiff.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a true copy of the foregoing upon the defendants by placing it in the U.S. Mail, first Class, postage pre-paid and address to Troy King, Attorney General, 11 South Union Street, Montgomery, Alabama. 36130.

On this 9 day of November, 2006.

Royce Privett
A.I.S. # 181935, BEARCAT-4-11
S.L.C.C.
3843 STAGG AVE.
BASILE, LOUISIANA. 70515

CC:   TROY KING
      ATTORNEY GENERAL OF
      THE STATE OF ALABAMA
      11 SOUTH UNION STREET
      MONTGOMERY, ALABAMA. 36130.
      DEFENDANT.



---

**Ex parte Royce Privett (In re: Royce Privett v. State of Alabama)**
SUPREME COURT OF ALABAMA
887 So. 2d 854; 2004 Ala. LEXIS 34
1030065
February 27, 2004, Released

---

**Editorial Information: Subsequent History**

Released for Publication October 1, 2004.

**Editorial Information: Prior History**

(Montgomery Circuit Court, CV-00-3070).

**Disposition**     PETITION FOR WRIT OF MANDAMUS DENIED.

**Counsel**     For Petitioner: Royce Privett, pro se.
For Respondent: William H. Pryor, Jr., atty. gen., and Yvonne A.H. Saxon, asst. atty. gen.

**Judges:** LYONS, Justice. Houston, See, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.

Opinion

**Opinion by:**     LYONS

{887 So. 2d 855} PETITION FOR WRIT OF MANDAMUS

LYONS, Justice.

Royce Privett, who is currently serving time in the Tallahatchie Correctional Facility[1] on a conviction for two counts of sodomy and four counts of unlawful sexual conduct, petitions for a writ of mandamus directing Judge Charles Price of the Montgomery Circuit Court to take action in a case he says is pending before Judge Price. For the reasons discussed below, we deny the petition.

On November 22, 2000, Privett filed in the Montgomery Circuit Court what he calls an action for a declaratory judgment, seeking to have a statute declared unconstitutional. That case, no. CV-00-3070, was assigned to Judge Price. On December 13, 2001, the attorney general waived the right to participate in Privett's action and argued that Privett's action was essentially a petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P.

According to Privett, he requested a case action summary from the Montgomery Circuit Court on February 26, 2001, and again on March 9, 2001. There is no evidence indicating that Privett received any response to his requests. Judge Price then transferred the case file to the Elmore Circuit Court on July 2, 2001, and the clerk's office of the Elmore Circuit Court accepted delivery of Privett's case file on July 5, 2001. Subsequently, the Elmore Circuit Court transferred Privett's case to the Blount Circuit Court on August 19, 2001, which is the court in which Privett was convicted. The clerk's office of the Blount Circuit Court assigned Privett's case to Judge Robert E. Austin and placed the case on the active docket as case number CV-01-223. Later in August 2001, Judge Austin recused himself from Privett's case and requested that the Administrative Office of Courts ("AOC") appoint a special judge outside of the Blount Circuit to hear Privett's case. On November 28, 2001, the AOC appointed Judge William H. Rhea of the Etowah Circuit Court to preside over Privett's case in the Blount {887 So. 2d 856} Circuit Court and issued an order to that effect. Nothing before us indicates that any further activity has taken place or that there have been any rulings in Privett's case.

Privett filed a petition requesting that this Court issue a writ of mandamus instructing Judge Price to respond to Privett's action. This Court has stated:

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

"'A writ of mandamus is an extraordinary remedy that requires a showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.'"

> *Ex parte Thicklin*, 824 So. 2d 723, 727 (Ala. 2002) (quoting *Ex parte McNaughton*, 728 So. 2d 592, 594 (Ala. 1998)).

Privett does not have a clear legal right to the order sought, and there is no imperative duty upon the respondent, Judge Price, to perform. Judge Price is no longer assigned to Privett's case, and he no longer has custody of Privett's case file. Therefore, Judge Price no longer has any duties or responsibilities regarding Privett or his case. Because Privett has no clear legal right to the relief sought and is owed no duty from Judge Price, his petition directed to Judge Price must be denied.

It must be said, however, that Privett does have a right to be heard in Alabama's trial courts. Nonetheless, Privett must first seek redress from the trial court that is currently presiding over his case. In the event further proceedings are not forthcoming in the Blount Circuit Court, then Privett's remedy is to file a petition for a writ of mandamus naming as a respondent the appropriate official or officials in Blount County.

PETITION DENIED.

Houston, See, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.

### Footnotes

Footnotes

1   The Tallahatchie Correctional Facility is located in Mississippi. To alleviate prison overcrowding in Alabama, some inmates were transferred to prisons in Mississippi. Privett was incarcerated at the Limestone Correctional Facility when he was confined in Alabama.

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

H

```
AVS0351                                              CV 2000 000032.00

                                        JUDGE: WILLIAM E. HEREFORD

                   ALABAMA JUDICIAL DATA CENTER
                        CASE ACTION SUMMARY
                          CIRCUIT CIVIL

  IN THE CIRCUIT COURT OF  BLOUNT         COUNTY
  ROYCE PRIVETT VS STATE OF ALABAMA
  FILED: 03/09/2000 TYPE: HABEAS/MAND/PROHIBI TYPE TRIAL: NON-JURY  TRACK:
  **************************************************************
  DATE1:              CA:              CA DATE:
  DATE2:              AMT:             $.00 PAYMENT:
  DATE3:
  **************************************************************
  PLAINTIFF   001: PRIVETT ROYCE #181935
                   LIMESTONE CORR FACILITY        ATTORNEY:
                   P O BOX 66
                   CAPSHAW, AL  35742-0000
                   PHONE: (205) 000-0000
  ENTERED:  03/03/2000 ISSUED:                   TYPE:
  SERVED:              ANSWERED:                 JUDGEMENT:

  DEFENDANT   001: STATE OF ALABAMA
                                                 ATTORNEY: BELL FRED F SR
                                                 BEL014  11 S. UNION STREET
                  , AL  00000-0000                       A. G. OFFICE
                   PHONE: (205) 000-0000                 MONTGOMERY, AL  36130
  ENTERED:  03/03/2000 ISSUED:                   TYPE:   (334) 242-7371
  SERVED:              ANSWERED:                 JUDGEMENT:
```

4-13-2000   Upon consideration of the petition for writ of habeas corpus the Court finds that all issues presented were presented for review (or should have been presented for review) in the Rule 32 petition filed by Royce Privett on ~~April 15, 2000~~ JUNE 10, ~~2000~~ 1997, in this Court. The Rule 32 petition was ruled upon by the Court, and relief was denied. On August 14, 1998 the Court of Criminal Appeals affirmed by memorandum the Court's decision denying the petition.

It is therefore ORDERED that this petition is hereby dismissed.

_[signature]_ Judge

MAB  03/13/2000
4-13-2000

ORDERED that cost in the amount of $144.00 is taxed to the petitioner. Further ORDERED that the State Board of Corrections shall withhold any sums in any accounts of the petitioner which have accumulated or will accumulate in the future and pay those sums into the Clerk of this Court until all court costs are paid.

_[signature]_ Judge

CV 2000 000032.00

**FILED**
APR 13 2000
MICHAEL E. CRISWELL
Clerk of the Court
Blount County, AL

II. THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER JUDGEMENT OR TO IMPOSE THE SENTENCE BECAUSE THE INDICTMENT IS BASED ON AN UNCONSTITUTIONAL STATUTE AND IS VOID.

## FACTS

Counts (1) one, (2) two, (4) four, (5) five, (6) six, and (7) seven of the indictment charges sexual abuse and sodomy. (exhibit C)

The alleged offenses in counts one (1) and two (2) were said to have occurred in 1983 (T.R. 46-50). The alleged sexual contact in count five was ssaid to have occurred in 1981 (T.R 70). The alleged sexual contact in counts six (6) and seven, (7), were sasid to have occurred in 1983. (T.R. 98-122). EXB

Prior to Jan. 7, 1985, sodomy and sexual contact was subject to a three-year limitations period for prosecution under code of alabama 1975, section 15-3-1, on Jan. 7, 1985 code of alabama 1975 section 15-3-5 (b) (2) was enacted and removed the statute of limitations for these offenses occurring on or after Jan. 7, 1982.

In MILLER V FLORIDA, 428 U.S 423, 96 L.E.d.2d 351 the united States Supreme Court stated "IN ORDER TO FALL WITHIN THE EX POST FACTO PROHIBITION TWO CRITICAL ELEMENTS MUST BE MET, (1) THE LAW MUST BE RETROSPECTIVE, THAT IS IT MUST APPLY TO EVENTS OCCURRING BEFORE ITS ENACTMENT, AND (2) IT MUST DISADVANTAGE THE AFFECTED OFFENDER". There is no doubt that code of alabama 1975 section 15-3-5 (b) (2) on its face meets the first element of the MILLER test setout above.

In STONER V STATE, 418 So2d 179 (ALA.1982) and STONER V GRADDICK, 751 F.2d 1535 the federal courts upheld the alabama state courts by the following rationale. " IN 1958 WHEN THE BOMBING IN THIS CASE TOOK PLACE THE CRIME OF BOMBING DANGEROUSLY NEAR A DWELLING WAS A CAPITAL OFFENSE AND CARRIED AN UNLIMITED STATUTE OF LIMITATIONS. IN 1977 WHEN STONER WAS INDICTED, THE CRIME

ADDENDUM TO PG.5

B

FILED
MAY 19 [illegible]
MICHAEL E. CRISWELL
Clerk of the Court
Blount County, AL

(5)

OF BOMBING DANGEROUSLY NEAR A DWELLING WAS NO LONGER A CAPITAL OFFENSE AND CARRIED A THREE-YEAR STATUTE OF LIMITATIONS. STONER ARGUED THAT THE STATUTE OF LIMITATIONS IN EFFECT AT THE TIME OF THE INDICTMENT SHOULD APPLY, THE STATE COURTS FOUND THAT AS A MATTER OF LAW THAT THE STATUTE OF LIMITATIONS IN EFFECT AT THE TIME OF THE CRIME GOVERNS. STONER ARGUED THAT THIS RULE OF STATE LAW VIOLATES EQUAL PROTECTION BECAUSE A PERSON COMMITTING THE SSAME CRIME TODAY WOULD HAVE THE BENEFIT OF THE THREE YEAR STATUTE OF LIMITATIONS, WE WILL ASSUME ARGUENDO THAT STONER STATES A FEDERAL CLAIM. THE ALABAMA COURT OF CRIMINAL APPEALS EXPLAINED THAT THE REASON FOR THE STATUTE OF LIMITATIONS RULE THAT THE STATUTE OF LIMITATIONS AT THE TIME OF THE CRIME GOVERNS IS TO PREVENT THE LEGISLATURE FROM ENLARGING THE STATUTE OF LIMITATIONS UNTILA A PARTICULE CRIMINAL IS TRIED AND CONVICTED, AN APPLICATION THAT WOULD BE EX POST FACTO".

If the application of a new amended shortened statute of limitations period to a crime that had no limitations period when committed would be an application that would be ex post facto, then it cannot be said that to apply a new amended no limitations period to a crime that had a three-year limitation period when committed, would not violate the ex post facto clause also.

In the case of your petitioner the application of the new amended statute of limitations has most certianly disadvantaged the petitioner in the most substantial manner possible, removing the defense of the statute of limitations that was available at the time of the alleged crime, also, it is a matter of guilt or innocence as when the repealed law is or is not applied. see EX PARTE STATE V WALKER 433 So2d 470.

It simply cant be both ways, it must be a violation of the ex post facto clause as described by the alabama court of criminal appeals in the case of Stoner v state, 418 So2d 179 (ALA.CR.APP. 1982) to apply a new amended no

Addendum to pg 5

C

FILED

MAY 1 0 2005

MICHAEL E. CRISWELL
Clerk of the Court
Blount County, AL

(5)

statute of limitations period to a crime that had a definite statute of limitations period when committed, this is exactly what the alabama court of criminal appeals said the statute of limitations rule was suppoased to prevent, that is the enlargement of the statute of limitations period until a particulr criminal has been tried and convicted. The state says that the new no statute can be applied legally because the pre-existing statute had not ran by the effective date, however, if that is true, then the new shortened statute should have been applied to Stoner, because regardless of when the new statute become effective, the old statute could have never ran in his case because it was unlimited. This is a classic example of the government refusing to play by its own rules see CARMELL V TEXAS, 146 L.E.D. 2d 577 120 S.Ct 1620 (2000).

Because the indictment is based on the unconstitutional statute, it is void and cannot support a conviction. see BREWER V STATE, 39 So 927, and GANDY V STATE, 49 So 801, 162 ALA. 678. This conviction and sentence is due to be reversed and vacated.

Addendum to pg 5

D

FILED
MAY 19 2005
MICHAEL E. CRISWELL
Clerk of the Court
Blount County, AL