IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

CIVIL ACTION NUMBER: 2:06CV1019-MHT

ROYCE PRIVETT,
PLAINTIFF,

STATE OF ALABAMA,
DEFENDANTS.

## MOTION FOR A THREE (3) JUDGE PANEL

Comes now the Plaintiff Royce Privett, Pro-Se, in the above styled cause, and pursuant to 28 U.S.C. Section 2284, and 255.5, and 266 of the Judicial Code 36 Statute 1162, and moves this Court to convene a three (3) Judge Panel in this cause, and the Plaintiff show the following in support:

1. The Plaintiff has attached an application for a injunction enjoining the Defendants from the enforcement of a State Statute that is unconstitutional in violation of Article I Section 10, ,CL1, of the Constitutions prohibition of Ex Post Facto, and is required to be heard by a three (3) Judge Panel, See <u>Federaction de Corporative de Credito, v. Burgos</u>, 366 F.Supp. 1321.

2. The purpose of Congress in enacting 28 U.S.C. Section 2281, is to prevent under

delay in enforcing State Legislation and action through federal intervention. See Chicago G.W.R. CD v. Kendall, 266 U.S. 94, 69 L.Ed 183, 455 U.S. S.Ct 55.

3. Your Plaintiff has a standing to challenge Code of Alabama 1975 Section 15-3-5 (b), (2), and to seek a permanent injunction to enjoin the Defendant from the enforcement of the Unconstitutional Statute because, (1) the Plaintiff has suffered the loss of life and liberty due to the Unconstitutional application of the statute to the Plaintiff, and (2) the above injury has become irreparable due to the Court's refusal to "entertain any attempt of the Plaintiff to seek redress of this issue", which was first raised on direct appeal in 1995 and the Court of Appeals did not so much as mention the issue, much less discuss it. The issue was raised again in the Plaintiff's first post-conviction Rule 32, and again was not mentioned by any of the Courts. The issue was raised in 1999, in the Limestone County Circuit Court under the Declaratory Judgment Act. However, in early 2000, the Petition was transferred to the Blount County Circuit Court and denied as precluded as should have, could have been or was raised on direct appeal, or in the first Rule 32 [ex. H]. In November 2000, the Plaintiff filed another complaint for Declaratory Judgment in the Circuit Court of Montgomery County Alabama, and the Plaintiffs hardship was granted and the case was given case number: CV-00-3070 P.R. [Exhibit  ]. In December 2000, the Attorney General filed a partial acceptance and waiver and argued that it was a Rule 32. [Exhibit A ]. In June or July 2001, the Montgomery Court transferred the case to the Elmore Circuit Court, and in August 2001, the case was transferred from the Elmore Court to the Blount County Circuit Court as a Rule 32, and given case number CV-01-223. The Blount County Judges recused themselves and Judge Rhea from the Etowah Circuit

was appointed. In or about October 2003, after receiving no response to Motions and request for the Status of the case a Mandamus was filed and denied on February 27, 2004, [Exhibit  ] because the case was no longer in the Montgomery Court. This was your Plaintiff first knowledge of the above transfers. [Exhibit A]. In August 2004, another Mandamus was filed and the Blount County Court denied the Petition on September 28, 2004, stating "Relief lies in Rule 32 not Declaratory Judgment". proper Appeal papers were filed. However, the Blount County Clerk Refused to provide a copy of the Record on Appeal without payment even though Leave to proceed on Appeal In forma pauperis was granted. Motion to suspend the Rules requiring payment were filed and denied. Mandamus to the Alabama Supreme Court was and denied. The Appeal was transferred to the Court of Civil Appeals as "A Civil case, and the Court of Civil Appeals order the Plaintiff to produce the Record or the case would be dismissed". The Plaintiff filed a Motion to intervene in the N.D. of Alabama which was denied as a Successive Habeas Petition. The Appeal was denied in early 2005 'for lack of Prosecution and Certiorari was denied in March 2005. In May 2005, the Plaintiff filed a Rule 32 in the Blount County Court on this issue [Exhibit  ] which was denied as successive. In June 2005, a friend of the Plaintiff paid the Clerk of the Blount Court for the Record on Appeal, however, I still have not been able to obtain it.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays this Court to grant this motion and to implement the test set out in Moses H. Cone Memorial Hospital v. Mercury Constr. Corp. 74 Led.2d 765, and decide if Code of Alabama 1975 Section 15-3-5 (b) (2) violates Article I Section 10, CL1, of the United States Constitution and to issue a permanent injunction enjoining the Defendants from enforcing the statute.

*Royce Privett 18935*
Royce Privett  / Plaintiff.