IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROYCE PRIVETT, #181935, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-1019-MHT |
| | ) [WO] |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on 28 U.S.C. § 2201 complaint filed by Royce Privett ["Privett"], an inmate convicted of several sex offenses by the Circuit Court of Blount County, Alabama in 1995.[1] However, other than the aforementioned complaint, no "case of actual controversy" is pending before this court to which Privett is an "interested party" as is required to confer jurisdiction upon this court to consider Privett's request for issuance of a declaratory judgment. Accordingly, the court construes this case as a civil rights action filed under 42 U.S.C. § 1983 in which Privett seeks a declaratory judgment.

Privett asserts that § 15-3-5(b)(2) of the Alabama Code, as enacted January 7, 1985, "is an unconstitutional act of the Alabama Legislature" which on its face violates the Ex Post

---

[1] This section provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought...."

Facto Clause of the United States Constitution.[2] *Plaintiff's Complaint* at 1.  Privett seeks issuance of "a declaration that Code of Alabama 1975, Section 15-3-5(b), (2) violates ... the Federal Constitution['s] prohibition of Ex Post Facto" and "a permanent injunction enjoining the defendants from enforcement of the statute[.]" *Id*. at 6.

Upon review of the complaint, the court concludes that Privett's claims are subject to

summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

## DISCUSSION

### A. The Ex Post Facto Challenge

Prior to January 7, 1985, § 15-3-1 set forth the statute of limitations applicable to sex offenses committed against children under 16 years of age requiring that the prosecution of

---

[2] At the time Privett committed the sexual offenses for which the State imposed convictions, a three-year period of limitation applied to the prosecution of such offenses. *See* § 15-3-1, *Ala. Code* (1975).  On January 7, 1985, the Alabama Legislature amended § 15-3-5, *Ala. Code* (1975) "to include within those offenses having no statutory period of limitations any sex offense against a victim under 16 years of age. [*See* § 15-3-5(a)(4)]. § 15-3-5(b)(2), Code of Alabama 1975 [as amended], states that the 1985 amendment applies to offenses that occurred before January 7, 1985, provided that the statute of limitations under the pre-existing law had not expired before that date." *Allen v. State*, 624 So.2d 650, 652 (Ala.Crim.App. 1993); *Hawkins v. State*, 549 So.2d 552, 554 (Ala.Crim.App. 1989) ("Under § 15-3-5(a)(4), added by the January 1985 amendment, there is no limitation of time within which a prosecution must be commenced for any sex offense involving a victim under the age of 16.  Furthermore, § 15-3-5(b)(2), Code of Alabama 1975, provides in effect that the 'no limitation' provision of § 15-3-5 applies to all such crimes committed before January 7, 1985, for which any statute of limitations provided under pre-existing law had not run as of January 7, 1985.").

[3] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

such felonies "be commenced within three years after the commission of the offense." On January 7, 1985, the Alabama legislature amended the statute by adding § 15-3-5(a)(4) which directs that: "There is no limitation of time within which a prosecution must be commenced for ... [a]ny sex offense involving a victim under 16 years of age, regardless of whether it involves force or serious physical injury or death ..." Moreover, § 15-3-5(b)(2) mandates that the amendment expanding the "no limitation" provision applies to relevant offenses committed before January 7, 1985, provided that the statute of limitations under the pre-existing law had not expired prior to January 7, 1985.[4]

Privett argues that the 1985 amendment allowing "no limitation of time" for the prosecution of sex offenses against children under 16 years of age, on its face, violates the Ex Post Facto Clause of the United States Constitution.[5] As support for this argument, Privett maintains that the 1985 amendment establishing no period of limitation for prosecution of such sex offenses is impermissibly retrospective and adversely impacts an affected offender "by eliminating a defense that was available at the time of the commission of the offense." *Plaintiff's Complaint* at 3. In light of clearly established federal law, this court concludes that Privett's ex post facto challenge is devoid of merit.

"Recent Supreme Court teachings reject the proposition that retroactive legislation

---

[4]"The amendments made by this act ... shall apply ... [t]o all crimes committed before January 7, 1985, for which no statute of limitations provided under pre-existing law has run as of January 7, 1985."

[5]The state courts determined that "[t]he act amending . . . § 15-3-5 was not an ex post facto law ..." *Hawkins v. State*, 549 So.2d 552 (Ala.Crim.App. 1989).

3

violates the ex post facto clause merely because it adversely affects the position of criminal defendants. Rather, that clause prohibits only enactment of statutes which: (1) punish as a crime an act previously committed which was innocent when done; (2) make more burdensome the punishment for a crime, after its commission; or (3) deprive one charged with a crime of any defense available according to law at the time when the act was committed." *United States v. Brechtel*, 997 F.2d 1108, 1113 (5th Cir.) (footnotes omitted), *cert. denied*, 510 U.S. 1013, 114 S.Ct. 605, 126 L.Ed.2d 570 (1993).

Privett contends that applying the 1985 amendment to offenses committed prior to its enactment violates the Ex Post Facto Clause by depriving an affected offender of a statute of limitations "defense" available at the time the putative defendant committed the offenses. However, extending the period of limitation pursuant to § 15-3-5(a)(4) did not deprive any charged offender of a defense contrary to the Ex Post Facto Clause. *Collins v. Youngblood,* 497 U.S. 37, 50, 110 S.Ct. 2715, 2723, 111 L.Ed.2d 30 (1990) (the Ex Post Facto Clause bars modification of only those defenses that constitute alterations in the legal definition of the offense and, therefore, is not implicated by the evisceration of defenses that involve matters "in bar of prosecution ..." ); *United States v. Bischel*, 61 F.3d 1429, 1435-1436 (9th Cir. 1995) (Although application of the challenged statute to offenses allegedly committed prior to enactment of the statute deprived defendant of the limitations period in effect when the offenses occurred, it did not deprive him of a defense in violation of the Ex Post Facto Clause.); *United States v. Brechtel*, 997 F.2d at 1113 (footnotes omitted) ("Only statutes withdrawing defenses related to the definition of the crime, or to the matters which a

defendant might plead as justification or excuse [deprive one charged with a crime of a defense available according to law at the time of commission of the act]. Plainly, extension of the limitations period neither criminalizes previously innocent conduct nor enhances the punishment for an existing crime. Further, while [the amended statute] deprives [the defendant] of the five-year limitations period in effect when the questioned transactions occurred, it did not deprive him of a defense within the meaning of the ex post facto clause."); *United States v. Knipp,* 963 F.2d 839, 844 (6th Cir.1992) ("The defensive use of a statute of limitations is a procedural defense in the nature of a plea in bar. Because it has nothing to do with the internal structure of the crime or its elements, it is not the kind of 'defense' that the Supreme Court was referring to in *Beazell* [ *v. Ohio,* 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925) ] [quoted in *Youngblood*] when it stated that the Ex Post Facto Clause was violated if a defendant was later deprived of a defense that had been available to him at the time he committed the crime in question."). Consequently, the 1985 amendment to § 15-3-5 did not deprive Privett of a defense in violation of the Ex Post Facto Clause.

With respect to Privett's assertion that the amendment is unconstitutionally retrospective, such claim fails to provide a basis for relief. "The law is well settled that extending a limitations period before prosecution is barred does not violate the ex post facto clause. [*United States v.*] *Johns*, 15 F.3d [740,] 743 [(8th Cir. 1994)]; *United States v. Madia,* 955 F.2d 538, 539-40 (8th Cir.1992) (citation omitted) [A legislative body may extend the period of limitations without running afoul of the Ex Post Facto Clause provided the original

5

period of limitation has not yet run.]. Such an extension is different from application of a law to extend a limitations period after it has run. *Stogner v. California*, 539 U.S. 607, 618, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003)." *United States v. Jeffries*, 405 F.3d 682, 685 (8th Cir. 2005), *cert. denied*, --- U.S. ----, 126 S.Ct. 631, 163 L.Ed.2d 512 (2005); *United States ex rel Massarella v. Elrod,* 682 F.2d 688, 689 (7th Cir. 1982), *cert. denied*, 460 U.S. 1037, 103 S.Ct. 1426, 75 L.Ed.2d 787 (1983) ("The law is settled that '[e]xtending a limitation period before a given prosecution is barred does not violate the *ex post facto* clause.'"); *United States v. Brechtel*, 997 F.2d at 1113 (Supreme Court teachings "reject the proposition that retroactive legislation violates the ex post facto clause merely because it adversely affects the position of criminal defendants.").

In *Stogner*, the Supreme Court held that "a law enacted after expiration of a previously applicable limitations period violates the Ex Post Facto Clause when it is applied to revive a previously time-barred prosecution." 539 U.S. at 632-633. The Court, however, made it clear that the Ex Post Facto Clause "does not prevent the State from extending time limits for the prosecution of future offenses, or for prosecutions not yet time barred." *Id*. In so doing, the Court reasoned that laws which bring about a "[r]etroactive extension of unexpired statutes of limitations" do not offend the Ex Post Facto Clause in light of "history, case law, and constitutional purposes." *Id*. at 630-631. Thus, the decision issued in *Stogner* did not disturb "the uniform decisions by state and federal courts to uphold retroactive extension of unexpired statutes of limitations against an *ex post facto* challenge." *Id*. at 650 (Kennedy, A., dissenting).

*Stogner* acknowledges a distinction between an extension of a statute of limitations and the revival of a previously expired statute of limitations as follows: "Even where courts have upheld extensions of *unexpired* statutes of limitations (extensions that our holding today does not affect ...), they have consistently distinguished situations where limitations periods have *expired*. Further, they have often done so by saying that extension of existing limitations periods is not *ex post facto* 'provided,' 'so long as,' 'because,' or 'if' the prior limitations periods have not expired .... *Commonwealth v. Duffy*, 96 Pa. 506, 514, 1880 WL 13543 91881) ('In any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitation, that period is subject to enlargement or repeal without being obnoxious to the constitutional prohibition against *ex post facto* laws')." *Stogner* 539 U.S. at 618-619. The amendment at issue in this case, by its express terms, applies only to those offenses for which the previous statute of limitations had not yet expired when the amendment became effective. § 15-3-5(b)(2), *Ala. Code* (1975, as amended) (emphasis added) (The amendment of § 15-3-5 "shall apply ... [t]o all crimes committed before January 7, 1985, ***for which no statute of limitations provided under pre-existing law has run as of January 7, 1985***."). This restriction prevents the amended statute of limitations from applying to offenses for which the limitation period had already run. Thus, the amendment does not act to resurrect or revive an expired criminal charge but merely extends the statute of limitations for prosecutions of sexual offenses committed against certain children not already time barred.

In light of the foregoing, it is clear that application of the January 7, 1985 amendment

to individuals who committed offenses prior to its enactment does not "threaten[ ] the kind of harm that ... the Ex Post Facto Clause seeks to avoid." *Stogner*, 539 U.S. at 611. Additionally, since the challenged amendment applies only to those offenses for which the original limitations period had not yet expired, the amendment, on its face, does not impose an impermissible retroactive effect. *Id.* The court therefore concludes that the Alabama legislature's extension of unexpired statutes of limitations did not violate the Ex Post Facto Clause because the amended law neither imposed a punishment for an act not punishable at the time nor imposed an additional punishment to that previously prescribed.

### B.  Privett's Challenge to His Convictions

To the extent Privett presents this complaint as a veiled collateral attack on criminal convictions imposed upon him pursuant to the amended statute of limitations set forth in § 15-3-5(a)(4), he is entitled to no relief from this court in the pending cause of action as "any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d 439 (1973)." *Calderon v. Ashmus*, 523 U.S. 740, 747, 118 S.Ct. 1694, 1699 (1998). However, any habeas petition Privett files will be subject to the procedural restrictions contained in 28 U.S.C. § 2254. *Thomas v. Crosby*, 371 F.3d 782, 786-787 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir.2003).

The United States District Court for the Northern District of Alabama advised Privett

of such restrictions in an action before it on a motion for intervention in which Privett requested that the court intervene in state court proceedings related to a motion for declaratory judgment. *Privett v. State of Alabama*, Case No. CV04-HGD-3509-S (N.D. Ala. 2005). The pertinent portion of this decision reads as follows:

> On February 18, 1999, Privett filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. *Privett v. Hooks*, CV99-N-0383-S (N.D.Ala.).... In a report and recommendation entered February 1, 2000, [the Magistrate Judge] recommended that the petition be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). By order entered February 15, 2000, the district court adopted and accepted the report and recommendation and dismissed the petition. Privett appealed to the Eleventh Circuit Court of Appeals, but the appellate court denied a certificate of appealability and dismissed the appeal on or about June 26, 2000.
> * * *
> . . . [S]ince this action is nothing more than another attack by Privett on the validity of his conviction[s], this court could and should construe the action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rule 4 of the *Rules Governing § 2254 Cases* allows a habeas corpus to be dismissed summarily by a district court if it plainly appears from the face of the petition that the petitioner is not entitled to any relief.
>> Title 28 U.S.C. § 2244(b)(1) provides that:
>> A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application **shall** be dismissed. [emphasis added]
> Title 28 U.S.C. § 2244(b)(2), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996, provides:
>> A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> Privett filed a prior habeas corpus petition in this court that was dismissed as time-barred. If Privett made the claim that *Ala. Code* § 15-3-

5(b)(2) was unconstitutional in that habeas corpus petition, 28 U.S.C. §2244(b)(1) requires this action to be dismissed. If Privett did not make such a claim in his prior habeas corpus petition, he has not made the requisite showing under 28 U.S.C. § 2244(b)(2) to avoid dismissal of this claim.

Further, it is noted that 28 U.S.C. § 2244(b)(3)(A) provides that "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Privett has not sought nor obtained the required authorization to file a second federal habeas corpus petition.

*Privett v. State of Alabama*, Case No. CV04-HGD-3509-S (N.D. Ala. 2005) - *Report and Recommendation of the Magistrate Judge (Court Doc. No. 4)* at 3-8, adopted as opinion of the court by Order of February 7, 2005 (Court Doc. No. 6).

## CONCLUSION

For the reasons stated herein, it is the RECOMMENDATION of the Magistrate Judge that:

1. Privett's requests for entry of a declaratory judgment and issuance of a permanent injunction be DENIED.

2. This case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before **December 27, 2006** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of December, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE