IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF ALABAMA

RECEIVED
CIVIL ACTION # 2:06-CV-1019-MHT
2006 DEC 22  A 10:03

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA                ROYCE PRIVETT,

PLAINTIFF,

VS.

STATE OF ALABAMA,

DEFENDANTS.

---

OBJECTION TO MAGISTRATE's Recomendation

Comes now the plaintiff, Royce Privett, Pro-Se, in the above styled cause, and pursuant to the Recomendation and order of the magistrate issued on december 13, 2006, And files his objection, And the plaintiff Shows the following in Support there of:

1). The magistrate incorrecly states that " No Actual Controversy in this exist to Confer Jurisdiction on the Court, this however is not so because, in Gibson V. Firestone, 741 F. 2d 1268 (11th Cir. 1984)" Alleged depravation of First amendment Right to Vote as well as the 14th amendment Rights of due process and equal protection are adequate to invoke federal Jurisdiction thus a claim is Stated under 28 U.S.C. § 1343 (3), And, in Linda R.S. V. Richard D., 35 L.E. d 2d 536, the U.S. Supreme Court Stated, "the threshold question which must be Answered is whether the Appellant has Alleged Such a personal stake in the outcome

(1)

of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for the illumination of constitutional questions". Quoting from BAKER V. CARR, 369 U.S. 186, 7 L.Ed 2d 663, 82 S.Ct. 691 (1962) and, in Rubgas A.C.V. Marathon oil Co., 526 U.S. 574, 143 L.E.d 2d. 760, 119 S.Ct. 156, 163 (1999) "to statisfy actual controversy a plaintiff must demonstrate an injury in fact; a ~~cau~~ casual connection between the injury and the conduct of which the party complains; and that it is likely that a favorable decision will provide redress". The magistrates conclusion that no actual controversy exist is not well taken because; (1) the plaintiff has demonstrated an injury in fact; (2) the plaintiff has demonstrated a connection between the injury and the conduct complained of; (3) and, the plaintiff has demonstrated that a favorable decision will likely provide redress, furthermore, the magistrates conclusion of "no jurisdiction" is also erroneous in this case because, (1) the plaintiff has alleged in his complaint that he has suffered a depravation of due process and equal protection of the 14th Amendment because the challenged statute has subjected the plaintiff to the loss of his life and liberty based on allegations of sex offenses occurring 10 to 15 years prior to the allegation being made while under Alabama law a defendant in a

(2)

civil suit cannot be subjected to the loss of his property based upon the exact same underlying allegations that underpin the plaintiff's convictions in this case as the Alabama Supreme Court stated in TRAVIS V. Ziter, 681 So.2d 1348 (ALA. 1996)." We hold that allegations of repressed memories of childhood sexual abuse are subject to the two year limitations period." The plaintiff avers that the magistrate's recomendation is nothing more "than a facial attack upon the plaintiff's complaint, and in Williamson V. Tucker, 645 F.2d 405 (5th cir. 1981) and Patterson V. Weinberger, 644 F.2d 521 (5th cir. 1981) relying on Bell V. Hood, 327 U.S. 678 66 S.Ct. 773 (1935) stated, " if the motion to dismiss is a facial attack on the complaint, the reviewing court must consider the allegations in the Plaintiff's complaint as true". Because the magistrate has suasponte substitute itself for the defendants by ordering them "not" to respond to the complaint it is error not to allow the plaintiff to elicit material through discovery before a claim can be dismissed for lack of Jurisdiction. See, BLANCO V. CARigulfLines, 632 F.2d 656 (5th cir. 1980). While the magistrate's recomendation • is quite unclear on the final determination of the reason for the recomended dismissal, is it (1) due to the conclusion that the statute does not violate the ex postfacto clause? or (2) is it because the complaint is being treated as a §1983? (3) or is it because it is being treated as a sucessive habeas? The plaintiff contends that if it is the

(3)

being Recomended for dismissal due to the conclusion that the statute does not violate the Ex post facto clause, this assumption is erroneous because that conclusion does not consider the case of STONER V. GRADDICK, 751 F.2d 1535 (N.D.ALA. 1986) where Stoner was denied relief on his claim that the Amended statute of limitations in his case should be applied to his crime that did not have a statute of limitations when he committed the offense, and even though the pre-existing statute of limitations in Stoner had not ran by the date the Amend statute became law, relief was denied based upon the fact that the statute of limitations in Alabama involves a substantive right and is not merely a proceedural matter, and stated it would violate expost facto to attach the Amended statute of limitations to stoner's crime even though the pre-existing limitations period had not RAN. And apparently the magistrate's Reliance on COLLINS V. YOUNGBLOOD, 497, U.S. 37, 50, 110 S.Ct. 2715, 2723, 111 L.Ed 2d 30 (1990) Because the magistrate submits that under that case code of ALA.1975 315-3-5(b)(2) is merely a proceedural change that did not eliminate a defense. however, in CARMELL V TEXAS, 529 U.S. 513, 146 L.E.d2d 577 (2000) the U.S. Supreme Court stated " Collins did not cast out the 4th category of CALDER and infact quoted Beazell V. Ohio, 269 U.S. 167, 70 L.Ed 216 (1925) that any law that deprives a defendant of a defense is Ex post facto," And the plaintiff contends that because the statute of limitations in Alabama is not merely a proceederal matter, and because of the Application of state laws in Stoner, and

Because of the fact the Recomendation does not address either Stoner, OR Ziter, OR the fact that your petitioner has alleged a depravation of due process and equal protection, the conclusion of the magistrate is erroneous. And furthermore, as evidenced by the Recomendation itself, the first habeas petition was denied completely on procedural grounds and therefore, this cannot be a second or successive petition. See, Slack v McDaniel, 529 U.S 473, 146 L.Ed2d 542, And Day v McDonough 572 US ___ 164 LEd2d 376 [2006).

<u>Conclusion</u>

Wherefore, premises considered, the plaintiff prays this court to Reject the magistrate's Recomendation of dismissal under <u>Gibson v. Firestone</u>, 741 F.2d 1268 (11th Cir. 1984) And to Recind it's order denying the motion for a 3 Judge court and to Empanel a court of three Judges, to avoid the unecessary delay and expense of mandamus to the U.S. Supreme Court in this cause, See, Florida Lime & Avacado Growers Inc. v. Jacobsen, 362 U.S 4 L.ed2d 568, And Stratton V. St. Louis A. Co, C1930) 282 U.S. 10, 75 L.Ed 135, 51 S.Ct 8, the plantiff prays any and other Relief appropriate.

Royce Prince
Plaintiff

(5)

## Certificate of Service

I hereby certify that I have served a copy of the foregoing upon the Attorney General, 11 South Union Street Montgomery, Al 36130, by U.S. mail first class, postage pre-paid on the 19th day of december 2006.

Attorney General
11 South Union Street
Montgomery, Al 36130
   defendant,

Royce Privett - A-181935
Royce Privett - A-181935
B-cat-4-bed-11
S.L.C.C. 3843 Stagg Ave
Basile, LA 70515
   Plaintiff